**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 12-cr-00210-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. MATTHEW DEWAYNE JARAMILLO,

     Defendant.

## ORDER DETERMINING COMPETENCY

**Blackburn, J.**

On October 16, 2012, this matter came before me for hearing under 18 U.S.C. §§ 4241 and 4247(d), for determination of the defendant's competency. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered the evidence adduced during the competency hearing, including the **Forensic Evaluation** [#38] filed August 10, 2012, which was marked and admitted in evidence as Defendant's Exhibit 1; having considered the reasons stated, arguments advanced, and authorities cited by the parties; I enter the following findings of fact,[1] conclusions of law, and orders to confirm and supplement those entered from the bench in open court.

---

[1] My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**FINDINGS AND CONCLUSIONS:**

1. On June 5, 2012, I entered an **Order For Competency Examination and Determination** [#15], granting, *pro tanto*, the **Unopposed Motion for Order Authorizing Psychiatric or Psychological Examination for the Purpose of Determining Competency** [#13] filed May 24, 2012, on behalf of Mr. Jaramillo.

2. Pursuant to my order and 18 U.S.C. § 4247(b), David E. Morrow, Ph.D., a clinical psychologist with the Federal Bureau of Prisons, conducted a psychological examination of the defendant. On August 10, 2012, I received Dr. Morrow's competency examination report [#38]. The report included the information, diagnosis, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). I may and do approve, adopt, and incorporate the findings, diagnoses, and opinions of Dr. Morrow, who opines that Mr. Jaramillo is competent to proceed.

3. The defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, the defendant is competent to proceed.

4. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay from the filing of defendant's motion [#13] on May 24, 2012, to the date of the competency hearing on October 16, 2012, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, **Matthew Dewayne Jaramillo**, is declared competent to proceed;

2. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay from the filing

of defendant's motion [#13] on May 24, 2012, to the date of the competency hearing on October 16, 2012, resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c);

3. That this case is continued to November 2, 2012, at 8:30 a.m., for status conference and further proceedings; and

4. That counsel and the defendant shall appear at the next hearing without further notice or order; provided, further that to the extent necessary, the United States Marshal for the District of Colorado shall assist the court in securing the appearance of the defendant and that the Assistant United States Attorney may appear and participate via videoconferencing.

Dated October 16, 2012, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge