**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-01886-REB
Criminal Action No. 12-cr-00210-REB-1

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

1.  MATTHEW DEWAYNE JARAMILLO,

    Defendant-Movant.

**ORDER DIRECTING MOVANT TO FILE AMENDED 28 U.S.C. § 2255 MOTION**

    Defendant-Movant, Matthew Dewayne Jaramillo, is incarcerated at the Hazleton U.S. Penitentiary in Bruceton Mills, West Virginia. On August 31, 2015, Mr. Jaramillo filed a *pro se* **Motion Under 28 U.S.C. § 2255 to Vacate, set Aside, or Correct Sentence by a Person in Federal Custody**, [#165].[1] By this order, I direct Mr. Jaramillo to amend the Motion for the reasons stated below.[2]

    On May 17, 2013, Mr. Jaramillo was convicted after trial by jury of violations of (1) 18 U.S.C. §§ 113(a)(1) and 1153, Assault with intent to Commit Murder; (2) 18 U.S.C. §§ 113(a)(3) and 1153, Assault with a Dangerous Weapon; (3) 18 U.S.C. §§ 113(a)(6) and 1153, Assault with Serious Bodily Injury; (4) 18 U.S.C. §§ 922(g)(1) and

---

[1] "[#165]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] I must construe the motion liberally because defendant-movant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

924(a)(2), Felon in Possession of a Firearm; and (5) 18 U.S.C. §§ 924(c)(1)(A)(iii), Using a Firearm During the Commission of a Crime of Violence After Having Been Previously Convicted of Using a Firearm During a Crime of Violence.  Mr. Jaramillo's direct appeal became final on September 22, 2014, when the U.S. Supreme Court denied his petition for certiorari review.  See [#163].  The § 2255 Motion, therefore is timely filed pursuant to 28 U.S.C. § 2255(f).

The Motion, however, is deficient because Mr. Jaramillo has failed to submit his claims on the Court-approved form that is required in this Court for filing a motion under 28 U.S.C. § 2255. In addition, Mr. Jaramillo fails to assert any claims on the form he used; instead he has attached a brief in support of his § 2255 motion that fails to make clear, except for his claims of ineffective assistance of counsel, the exact claim or claims he is asserting.

Pursuant to Rules 2(b)(1) and 2(b)(2) of the Rules Governing Section 2255 Cases in the United States District Courts, a movant in the position of Mr. Jaramillo must "specify all the grounds for relief to the moving party," and he must "state the facts supporting each ground."  These rules governing actions in the nature of habeas corpus are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  See Mayle v. Felix, 545 U.S. 644, 655 (2005) (discussing identical rules applicable to 28 U.S.C. § 2254 applications).  Naked allegations of constitutional violations are not cognizable.  See Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Therefore, Mr. Jaramillo will be ordered to file an amended motion to vacate.  In the Amended Motion, Mr. Jaramillo must allege, clearly and concisely, the specific

claims for the relief he is asserting, as well as the specific facts that support each asserted claim, if he wishes to pursue his claims in this action.

**THEREFORE, IT IS ORDERED** as follows:

1. That the Defendant-Movant shall file with the Court **within thirty days from the date of this order** an Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 that complies with the directives of this Order;

2. **That the Clerk of the Court shall mail to Movant, together with a copy of this Order, two copies of the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 Court-Approved form and the instructions for filing this Motion**; and

3. That if the Movant fails within the time allowed to file an Amended Motion to Vacate that complies with the directives of this Order, the Court will address only the two ineffective assistance of counsel claims asserted on Pages 15 though 18 of the Motion filed on August 31, 2015. *See* [ #165 at 15-18].

Dated September 2, 2015, at Denver, Colorado.

                                        **BY THE COURT:**

                                        Robert E. Blackburn
                                        United States District Judge