### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Action No. 12-cr-00210-REB-1
Civil Action No. 15-cv-01886-REB

UNITED STATES OF AMERICA,

　　　Plaintiff-Respondent

v.

1.  MATTHEW DEWAYNE JARAMILLO,

　　　Defendant-Movant.

---

### ORDER

---

**Blackburn, J.**

　　　The matter before me is the **Motion To Vacate, Set Aside, or Correct**

**Sentence Pursuant to 28 U.S.C. § 2255** [#165][1] filed August 31, 2015, by

Defendant-Movant, Matthew Dewayne Jaramillo.  On September 2, 2015, I entered an

order that found the § 2255 motion to be deficient because defendant-movant had not

submitted his claims on a Court-approved form and the claims he did submit on an

attached brief were unclear, except for two ineffective assistance of counsel claims.  I

directed defendant-movant to file an amended motion on a Court-approved form used in

filing a motion pursuant to 28 U.S.C. § 2255.  I also instructed defendant-movant that he

must state all claims on the form and specify all the grounds for relief to the moving

party and the facts supporting each ground; and if he did not do so within the time allow

---

[1]  "[#165]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

I would address only the two ineffective assistance of counsel claims asserted on Pages 15 through 18 of the motion.

The September 2, 2015 Order was returned to the Court on September 18, 2015, and the envelope containing the order is marked, "Return to Sender Unable to Forward." In accordance with the Local Rules of Practice for the United States District Court for the District of Colorado, D.C.COLO.LAttyR 5(c), defendant-movant is required to notify the Court of an address change within five days after the change. Because defendant-movant has failed to comply with the Court's Local Rules, and as a result to file an amended motion within the time allowed, I will proceed to review only the merits of the two ineffective assistance of counsel claims found on Pages 15 through 18.

The motion is before me for prompt examination and initial consideration under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Based on my initial consideration of the motion, which includes my consideration of the motion and the record of prior proceedings, I cannot conclude summarily that defendant movant is not entitled to relief and that the motion should be dismissed with respect to the two ineffective assistance of counsel claims. Thus, under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I must order the United States Attorney to file an answer, motion, or other response within a fixed time.

**THEREFORE, IT IS ORDERED** as follows:

1. That by November 10, 2015, the United States Attorney for the District of Colorado shall file an answer, motion, or other response to the motion of the defendant-movant with the contents required by Rule 5(b) of the Rules Governing

Section 2255 Proceedings for the United States District Courts; and

2.  That as provided by Rule 5(d) of the Rules Governing Section 2255

Proceedings for the United States District Courts, the defendant-movant may file by

December 14, 2015, a reply to the government's answer, motion, or other response.

Dated October 13, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge